THOMAS M. DUNN *v.* THE N. &. C. R. R. Co.

COSTS. *Of special jury. How taxed.* The Court construes §4029, of the Code, to mean that the entire cost of a special jury shall be taxed to the losing party, though the regular panel be in attendance and on pay.

Code cited: §4029.

---

FROM DAVIDSON.

---

Record cannot be found.

McFARLAND, J., delivered the opinion of the Court.

The question now presented in this cause is, how much of the costs of the special jury should be charged to the losing party? §4029, of the Code, is as follows: "On motion of either party in any civil action, a special jury may be ordered and summoned, if, in the opinion of the Court, it is proper, the additional costs to be taxed to the losing party."

The defendant, who was the losing party in this case, insists that "the additional costs" means only the costs of summoning the special jury, or if anything more than this, it could only be to pay off the special jurors during the time the regular panel was in attendance, and on pay; for only to this extent could the costs be regarded as extra or aditional. This argument is quite plausible, but we think the meaning was to

tax the entire costs of the special jury to the losing party. It is true, the Court might, in some cases, save costs to an amount corresponding with the pay of the special jurors, by discharging the regular panel during the time, but this would not always be practicable, while the other rule would be uniform and in accordance with the purpose of the Legislature. Most usually the entire costs of the special jury would be extra or additional costs, and the rule should be uniform.

Such was the holding of the Special Judge, and his judgment is affirmed.